IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03011-REB-MJW

HAWG TOOLS, LLC, a Colorado limited liability company,

Plaintiff,

v.

NEWSO INTERNATIONAL ENERGY SERVICES, INC., aka NEWSCO INTERATIONAL ENERGY SERVICES USA, INC., aka NEWSCO DIRECTIONAL & HORIZONTAL SERVICES, INC., aka NEWSCO USA, INC., and
JOE FICKEN, an individual,

Defendants.

---

# ORDER
## on

## DEFENDANTS' MOTION FOR STAY
### (Docket No. 20)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Defendants moved to stay all proceedings in this case pending the outcome of an appeal in related state-court litigation. Plaintiffs oppose the motion, and it is now fully briefed. (Docket Nos. 20, 23, & 28.) District Judge Robert E. Blackburn referred the motion to the undersigned. (Docket No. 21.) The Court has reviewed the parties' filings, taken judicial notice of the court's file, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court makes the following findings of fact, conclusions of law, and order.

## Background

This is the second lawsuit between these parties, both concerning Defendants' alleged misappropriation of Plaintiff's trade secrets. In the first lawsuit, a state court jury found Defendants liable and awarded a seven-figure verdict to Plaintiff. The state court judge denied post-trial motions for injunctive relief on the ground that the jury's general verdict form did not contain sufficiently detailed findings to allow injunctive relief to be appropriately tailored; in doing so, the judge noted that Plaintiff also had an adequate remedy at law—suing again for continuing damages. The first lawsuit is currently being briefed before the Colorado Court of Appeals, where Defendants have argued (among other things) that Plaintiff's evidence did not show a protectable trade secret as a matter of law. Defendants had lost this argument at least twice before the trial court, but believe they can prevail on appeal.

As suggested by the trial court, Plaintiff filed a second lawsuit for continuing damages accruing after those encompassed in the first lawsuit. Defendants removed this second lawsuit to this Court and have now moved for a stay of proceedings.

## Legal Standards

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. See String Cheese Incident, LLC v. Stylus Shows, Inc., 02–cv–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. The court may, for good cause, issue an order to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(a).  Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  Landis v. N. Am. Co., 299 U.S. 248, 254-255 (1936) (citing Kansas City S. Ry. Co. v. United States, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  Id.

A stay of all discovery is generally disfavored.  Bustos v. United States, 257 F.R.D. 617, 623 (D. Colo. 2009).  However, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).  When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  See String Cheese Incident, 2006 WL 894955, at *2.

## Discussion

Defendants argues that, if they win their appeal in state court, this case will be moot because Defendants will not be liable as a matter of *res judicata*.  Thus,

Defendants argue, proceeding with this case is potentially a waste of time and is best left for after the Colorado Court of Appeals issues its mandate.

Plaintiff argues that discovery in this case is relatively limited, as the issue of liability will be established as soon as the trial court's judgment is (as Plaintiff hopes) affirmed by the Colorado Court of Appeals.  The only discovery necessary in that event would be discovery into (1) whether Defendants continue to use the same product design as before, and (2) if so, the extent of damages accrued since the date of the trial court's judgment.  Thus, Plaintiff argues, the discovery burden on Defendants is light.  By contrast, Plaintiff argues, the competitive disadvantage to Plaintiff's business and thus Plaintiff's interest in proceeding expeditiously is substantial.

The Court agrees with Plaintiff, and finds that the case relied upon by Defendants is distinguishable.  In *Davis v. Bifani*, Case No. 07-cv-00122-MEH-BNB, 2007 WL 2484304 (D. Colo. Aug. 29, 2007), Magistrate Judge Hegarty stayed a shareholder's derivative case pending a related state court appeal because the state trial court had had held that the plaintiff was not a shareholder.  There, unlike here, the state trial court's ruling mooted the federal case; it was the party opposing the stay, not the party seeking a stay, who hoped for reversal on appeal.  Here, by contrast, the state trial court ruled in a way that does *not* moot this case.  The Colorado Court of Appeals affirms more cases than it reverses; thus, the likelihood of this suit becoming moot is not nearly as great as had been the case in *Davis v. Bifani*.

As to the remaining factors, the court finds that the convenience to the court, the interest of nonparties, and the public interest in general do not weigh heavily in either direction.

Accordingly, on balance, the court finds that a stay of discovery is inappropriate in this case.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion for Stay (Docket No. 20) is **DENIED**.

Dated: December 9, 2014         */s/ Michael J. Watanabe*
Denver, Colorado                Michael J. Watanabe
                                United States Magistrate Judge