**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-03011-REB-MJW

HAWG TOOLS, LLC, a Colorado limited liability company,

    Plaintiff,

v.

NEWSCO INTERNATIONAL ENERGY SERVICES, INC.,
NEWSCO INTERNATIONAL ENERGY SERVICES USA, INC.,
a/k/a NEWSCO USA, INC.
NEWSCO DIRECTIONAL & HORIZONTAL SERVICES, INC., and
JOE FICKEN, an individual,

    Defendants.

**ORDER SUSTAINING OBJECTION TO ORDER
OF THE UNITED STATES MAGISTRATE JUDGE
AND ADMINISTRATIVELY CLOSING CASE**

**Blackburn, J.**

The matter before me is **Defendants' Corrected Objection to December 9, 2014 Order Pursuant to Fed. R. Civ. P. 72(a)** [#41],[1] filed December 23, 2014, which seeks reconsideration of the **Order on Defendant's Motion for Stay (Docket No. 20)**, [#30], filed December 9, 2014. I sustain the objection, vacate the order, grant the motion to stay, and administratively close this case pending resolution of the related state court appeal.

Defendants' objection pertains to non-dispositive matters that were referred to the magistrate judge for resolution. Under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a),

---

[1] "[#41]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law.

The facts of this case are well known to the parties and need not be repeated at length here. Following a jury trial, plaintiff prevailed against defendants in Colorado state district court on its claim for misappropriation of trade secrets. Defendants have appealed that verdict. However, the state court denied plaintiff's motion for injunctive relief. Undeterred, plaintiff filed a second suit in state court seeking that remedy as well as post-trial damages for ongoing use of the protected design. Defendants removed that action to this court. They now seek to stay this matter pending the outcome of their appeal to the Colorado Court of Appeals. The magistrate judge denied the requested relief, which prompts the instant objection.

Although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, **see String Cheese Incident, LLC v. Stylus Shows, Inc.**, 2006 WL 894955, at *2 (D. Colo. March 30, 2006), "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." **Landis v. North America Co.**, 299 U.S. 248, 254-255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). Thus, although a stay of discovery is generally disfavored, **Bustos v. United States**, 257 F.R.D. 614, 623 (D. Colo. 2009), the court retains discretion in determining whether a stay should be granted, **see Landis**, 57 S.Ct. at 166. **See also** 8A C. WRIGHT, A. MILLER & R. MARCUS, **Federal Practice and Procedure** § 2040 at 198 (3rd ed. 2010) ("[A] court may decide that in a particular case it would be wise to stay discovery on the

merits until [certain challenges] have been resolved."). That discretion should be exercised in light of a number of non-dispositive factors, including, but not limited to (1) plaintiff's interest in proceeding expeditiously, and the prejudice to plaintiff of a delay; (2) the burden on defendants; (3) the convenience of the court; (4) the interests of non-parties in resolution of the case; and (5) the public interest. **String Cheese Incident**, 2006 WL 894955 at *2.

Considering these factors under the standards applicable to Rule 72 motions, I respectfully disagree with the analysis of the magistrate judge. Even assuming, *arguendo*, as the magistrate judge did, that the Colorado Court of Appeals will rule in favor of the plaintiff, and that, thus, the second factor – burden on the defendants – weighs against a stay, I find and conclude that the third, fourth, and fifth factors weigh more heavily in granting a stay.

Crucial considerations in this case, most significantly, the burden on the court and the concomitant danger of inconsistent decisions are implicated. The Colorado Court of Appeals decision will be determinative of a large part of this action. If the court affirms, issue preclusion will significantly narrow the scope of this suit and streamline the issues to be determined. However, in the event of a reversal, the matter will be moot entirely. In these circumstances judicial economy warrants judicial patience. Moreover, none of the relevant factors requires risking the obvious dangers and inefficiencies of possible inconsistent rulings by a state and a federal court.

These same considerations also weigh in favor of the fifth **String Cheese Incident** factor, that of the public interest. The greater public good is plainly favored by

the avoidance of unnecessary expenditures of public and private resources on litigation; the conservation of judicial, attorney, and party resources; and the quick, efficient, and just resolution of all cases on the court's docket, including, but not limited to, this one. ***See Samuels v. Baldwin***, 2015 WL 232121 at *3 (D. Colo. Jan. 16, 2015). All of these considerations enhance public respect for and trust in the law and the legal system. A stay of these proceedings in deference to the determination of the Colorado Court of Appeals in this case would further these important interests.

For these reasons, I conclude as follows: that defendants' objection must be sustained, the order vacated, and defendants' motion for stay granted. Accordingly, the pending motion to dismiss and corresponding recommendation are mooted. Finally, a stay pending resolution of the underlying state court case warrants administrative closure, subject to reopening for good cause.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections stated in **Defendants' Corrected Objection to December 9, 2014 Order Pursuant to Fed. R. Civ. P. 72(a)** [#41], filed December 23, 2014, are **SUSTAINED**;

2. That the **Order on Defendant's Motion for Stay** [#30], filed December 9, 2014, is **VACATED**;

3. That **Defendants' Motion for Stay** [#20], filed November 11, 2014, is **GRANTED**;

4. That **Defendants' Fed. R. Civ. P. 12(b)(2) and (6) Motion To Dismiss** [#46], is **DENIED WITHOUT PREJUDICE** as moot;

5.  That the **Report and Recommendation on Defendants' Fed. R. Civ. P. 12(b)(2) and (6) Motion To Dismiss (Docket No. 46)** [#60], filed February 23, 2015, is, respectfully, **REJECTED** as moot; and

6.  That this action is **CLOSED ADMINISTRATIVELY**, and the clerk is **DIRECTED** to close this civil action administratively, subject to reopening for good cause.

Dated March 9, 2015, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge