IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 14-cv-03011-REB-MJW

HAWG TOOLS, LLC, a Colorado limited liability company,

　　　Plaintiff,

v.

NEWSCO INTERNATIONAL ENERGY SERVICES, INC.,
NEWSCO INTERNATIONAL ENERGY SERVICES USA, INC., a/k/a NEWSCO USA, INC.,
NEWSCO DIRECTIONAL & HORIZONTAL SERVICES, INC., and
JOE FICKEN, an individual,

　　　Defendants.

## ORDER DENYING PLAINTIFFS MOTION TO RE-OPEN CASE

**Blackburn, J.**

The matter before me is **Plaintiff Hawg Tools, LLC's Motion To Lift Stay Entered on March 9, 2015 [Doc. #61] and To Administratively Reopen Case** [#62],[1] filed July 28, 2017. I deny the motion.

### I. JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

A case that is administratively closed pursuant to D.C.COLO.LCivR 41.2 may be reopened for good cause. Generally, there is good cause to reopen when parties seek

---

[1] "[#62]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

to litigate remaining issues that are ripe for review. ***American Family Mutual Insurance Co. v. Teamcorp, Inc.***, 835 F.Supp.2d 1083, 1086 (D. Colo. 2011). Nevertheless, courts may exercise discretion by denying a motion to reopen where the relief sought would be futile. ***Id.***

### III. ANALYSIS

In March 2014, a jury found in favor of plaintiff against defendants on claims for misappropriation of trade secrets, conversion, and breach of contract related to the design of two types of "bearing packs" used in oil field operations. In post-trial proceedings, plaintiff moved under the Colorado Uniform Trade Secrets Act, §7-74-103, C.R.S., to permanently enjoin defendants from using its trade secrets in one of the two designs. The trial court, however, noted the general verdict form used in the case made it impossible to determine whether the jury had found the entire design to be a trade secret or only some part thereof. (**Plf. Reply Br.**, Exh. 2 ¶ 5 at 2-3.) It therefore denied plaintiff's motion for permanent injunctive relief. (***Id.***, Exh. 2 ¶ ¶ 6-7 at 3-4.)

Undeterred, plaintiff thereafter filed this lawsuit to seek ongoing and future damages for defendants' alleged continuing use of the bearing pack design after December 31, 2013.[2] At the time this suit was filed, however, defendants' appeal was still pending before the Colorado Court of Appeals. I therefore granted defendants' motion to stay these proceedings and administratively closed this matter pending the outcome of that appeal. (***See* Order Sustaining Objection to Order of the United**

---

[2] Although the verdict was returned in March 2014, plaintiff claimed defendants failed to produce sufficient evidence to allow it to submit the issue of damages after December 31, 2013, to the jury. (***See* Verified Complaint and Jury Demand** ¶ 36 at 7 [#3], filed November 6, 2014 .)

2

**States Magistrate Judge and Administratively Closing Case** [#61], filed March 9, 2015.) On January 12, 2017, the Colorado Court of Appeals vacated the jury's verdict on plaintiff's misappropriation of trade secrets claim, but upheld the verdicts on the claims of conversion and breach of contract. (*See* **Plf. Reply Br.**, Exh. 2.) The Colorado Supreme Court subsequently denied the parties' cross-petitions for writ of *certiorari.* 2017 WL 2772254 (Colo. June 26, 2017). Plaintiff now moves to reopen this case to seek ongoing and future damages for conversion claim against all defendants (or in the alternative, for unjust enrichment), as well as for breach of contract against defendant Joe Ficken.

Although defendants suggest plaintiff is attempting to engage in improper claim-splitting now that plaintiff's state court claims have been reduced to judgment, the proper rubric is claim preclusion.[3] **See Katz v. Gerardi**, 655 F.3d 1212, 1218 (10th Cir. 2011); **Hernandez v. Asset Acceptance, LLC**, 970 F.Supp.2d 1194, 1200-01 (D. Colo. 2013). Claim preclusion "secures the peace and repose of society by the settlement of matters capable of judicial determination," **Nevada v. United States**, 463 U.S. 110, 129, 103 S.Ct. 2906, 2917-18, 77 L.Ed.2d 509 (1983) (citation and internal quotation marks omitted), by "protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation," **Parklane Hosiery Co. v. Shore**, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979).

---

[3] Claim preclusion describes the rules formerly known as "merger" and "bar." **See In re Crespin**, 551 B.R. 886, 895 (Bankr. D.N.M. 2016)

"Claim preclusion requires (1) a judgment on the merits in the earlier action; (2) identity of the parties or privies in the two suits; and (3) identity of the cause of action in both suits." **Yapp v. Excel Corp.**, 186 F.3d 1222, 1226 (10th Cir. 1999). As the first two elements of this test are not in dispute, the only question is whether the claims plaintiff seeks to bring in this lawsuit arise out of the same transaction, or series of connected transactions, as the previous suit. *Id*. at 1227. Plaintiff maintains its claims for ongoing or future damages relate not to continuing wrongs and therefore are not precluded.

With respect to plaintiff's claim of conversion, the law is plainly to the contrary. Under Colorado law, "[c]onversion is not a continuing tort." **Farm Credit of Southern Colorado, ACA v. Mason**, – P.3d. –, 2017 WL 1279716 at *10 (Colo. App. April 6, 2017), **cert. granted**, 2017 WL 4391812 (Colo. Oct. 2, 2017) (No. 17SC346) (citing **Employers' Fire Insurance Co. v. Western. Guaranty Fund Services**, 924 P.2d 1107, 1111 (Colo. App. 1996)). **See also Kelley v. New York Life Insurance & Annuity Corp**., 2008 WL 1782647 at *6 (D. Colo. April 17, 2008). Instead, property is considered converted when a demand for its return is refused, and damages are based on the fair market value of property converted at the time and the place of the conversion. **Kelley**, 2008 WL 1782647 at *6. By contrast, the continuing violation doctrine applies only to "continuing unlawful acts and conduct, not [to] continual ill effects from an initial violation." **Salas v. United States**, 2012 WL 4097303 at *3 (D. Colo. Sept. 18, 2012), **affirmed in relevant part**, 527 Fed. Appx. 813 (10th Cir. May 21, 2013). **See also Anderson Living Trust v. WPX Energy Production, LLC**, 27 F.Supp.3d 1188, 1214 (D.N.M. 2014). Thus, as the magistrate judge previously found,

"the fact that Defendants continue to possess the property does not mean that Plaintiff accrues a new claim daily." ***Hawg Tools, LLC v. Newso International Energy Services, Inc.***, 2015 WL 1064519 at *7 (D. Colo. Feb. 23, 2015).

Nor can plaintiff pursue a claim for unjust enrichment as an alternative to conversion. "Under *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised in the prior action*." ***Wilkes v. Wyoming Department of Employment***, 314 F.3d 501, 504-05 (10th Cir. 2002), ***cert. denied***, 124 S.Ct. 181 (2003) (emphasis in original). This rule precludes plaintiff from presenting new theories of the case or seeking "remedies or forms of relief not demanded in the first action:"

> Typically, even when the injury caused by an actionable wrong extends into the future and will be felt beyond the date of judgment, the damages awarded by the judgment are nevertheless supposed to embody the money equivalent of the entire injury. Accordingly, if a plaintiff who has recovered a judgment against a defendant in a certain amount becomes dissatisfied with his recovery and commences a second action to obtain increased damages, the court will hold him precluded; his claim has been merged in the judgment and may not be split.

**RESTATEMENT (SECOND) OF JUDGMENTS** § 25 & cmt. c. If plaintiff believed there was a danger defendants would continue to use its designs past the date of the jury's verdict, there is simply no reason why it could not have sought future damages under a primary or alternative theory of unjust enrichment in the original suit. Nevertheless, it did not, and such a claim is now precluded.

These same principles are likewise fatal to plaintiff's breach of contract claim

5

against Mr. Ficken. As part of his assignment of the design, Mr. Ficken agreed "not at any time [to] use for [his] own benefit or disclose to any person or entity any of the Protected Materials or any information related thereto[.]" (**Plf. Reply**, Exh. 3 ¶ 7.) With respect to the confidentiality piece of that agreement, it simply defies logic to suggest the breach thereof is ongoing. Once Mr. Ficken revealed the design to Newsco, confidentiality between them was lost, permanently. The breach of Mr. Ficken's duty of confidentiality was complete at that moment. Although plaintiff may continue to suffer damages as a result, the breach itself is not continuing in nature.[4] **See Salas v. United States**, 2012 WL 4097303 at *3. Any claim based on breach of that promise, therefore, is precluded.

As for the agreement that Mr. Ficken would not use the design for his own benefit, plaintiff fails to address why a claim for future damages related to this alleged breach of contract could not have been brought in its prior lawsuit.[5] **See Wilkes**, 314 F.3d at 504-05. Although plaintiff suggests it could not have requested damages for any period after December 2013 because defendants did not provide damages

---

[4] To be sure, there are certain types of contracts which are capable of being repeatedly or sequentially breached. **See, e.g.**, **Paul Holt Drilling, Inc. v. Liberty Mutual Insurance Co.**, 664 F.2d 252, 255-56 (10th Cir. 1981) (insurer's ongoing refusal to defend insured constitutes a series of breaches of the contract of insurance); **Anderson Living Trust**, 27 F.Supp.3d at 1215 (continuing wrong doctrine has been applied where contract involves periodic payments). Nevertheless, plaintiff has cited no case, and the court has found none, in which a confidentiality or non-disclosure agreement has been found to constitute such an agreement.

[5] Moreover, nothing in the proposed Second Amended Complaint alleges facts suggesting how Mr. Ficken himself (as distinguished from the company for which he now works) personally benefits, on an ongoing basis, from his disclosure of the design.

6

information for any period thereafter,[6] "[i]t is immaterial that in trying the first action [plaintiff] was not in possession of enough information about the damages, past or prospective, or that the damages turned out in fact to be unexpectedly large and in excess of the judgment." **RESTATEMENT (SECOND) OF JUDGMENTS** § 25, cmt. c. Indeed, it is inconceivable that plaintiff was prevented from permissibly extrapolating future damages from evidence of defendants' revenues which was current as of just three months prior to the jury's verdict.  *See Southwest Stainless, LP v. Sappington*, 582 F.3d 1176, 1187 (10th Cir. 2009); *Technics, LLC v. Acoustic Marketing Research Inc.*, 179 P.3d 123, 127 (Colo. App. 2007), *aff'd*, 198 P.3d 96 (Colo. 2008).  While damages may not be speculative, neither is absolute mathematical certainty required. *See Tull v. Gundersons, Inc.*, 709 P.2d 940, 945 (Colo. 1985) ("In proving the amount of damages it is sufficient for a plaintiff to provide '[a] reasonable basis for computation and the best evidence obtainable under the circumstances of the case which will enable the trier of the facts to arrive at a fairly approximate estimate of the loss.'") (citation omitted).  Plaintiff's failure to make its case for such damages in its prior lawsuit precludes any request for those damages in a subsequent lawsuit.

For these reasons, it would be futile to reopen this case to allow plaintiff to pursue the claims sought to be asserted in its proposed amended complaint.  The motion to reopen therefore will be denied, and the motion to file a second amended complaint denied as moot.

---

[6] To the extent plaintiff had complaints about defendants' production of discovery relating to damages after December 2013, the appropriate forum in which to address those issues was the state trial court.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff Hawg Tools, LLC's Motion To Lift Stay Entered on March 9, 2015 [Doc. #61] and To Administratively Reopen Case** [#62], filed July 28, 2017, is denied; and

2. That the **Order of Reference** [#64], filed August 2, 2017, is withdrawn, and **Plaintiff Hawg Tools, LLC's Motion for Leave To File Second Amended Complaint** [#63], filed August 2, 2017, is denied as moot.

Dated December 13, 2017, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge